IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARLENE CORTEZ,          : | |
|     Plaintiff,         : | |
| : | |
| v.                       : | CIVIL ACTION NO. 25-CV-1392 |
| : | |
| LOULOUA AL SABAH, *et al.*, : | |
|     Defendants.       : | |

**MEMORANDUM**

**HODGE, J.**                                                                                           **MARCH 24, 2025**

Plaintiff Darlene Cortez seeks to proceed *in forma pauperis* in this civil action, in which she claims that the Defendants have stolen her wealth for over twenty years. For the following reasons, the Court will grant Cortez leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.      FACTUAL ALLEGATIONS**[1]

Cortez filed her Complaint against Defendants Louloua Al Sabah and Jack Smith claiming that they "stole [her] companies & wealth." (Compl. at 4.) Cortez alleges that this theft began in July 2002, continues through the present date, and the Defendants stole ideas and/or projects that Cortez invented with the assistance of high-level government officials. (*Id.*) Accordingly, Cortez's "company was destroyed," leaving her in "poverty." (*Id.* at 5.) She seeks billions of dollars in compensation. (*Id.*)

**II.     STANDARD OF REVIEW**

---

[1] The following facts are taken from the Complaint and publicly available dockets of which this Court takes judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim); *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988) (holding that court may take judicial notice of the record from previous court proceedings). The Court adopts the pagination supplied by the CM/ECF docketing system.

The Court grants Cortez leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the Court to dismiss the Complaint if, among other things, it is frivolous. A complaint is subject to dismissal under § 1915(e)(2)(B)(i) as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.   DISCUSSION

Cortez essentially alleges that for a period of over twenty years, the Defendants stole her billion-dollar ideas, apparently with the help of officials in the federal government. These allegations are wholly incredible and lack a basis in fact. Considering the nature of Cortez's allegations, the Court will dismiss this case with prejudice as factually baseless because amendment would be futile.[2] *See, e.g.*, *West v. United States*, 779 F. App'x 148, 149 (3d Cir. 2019)

---

[2] It is worth noting that Cortez has a long record of bringing the same or similar claims (often against the same defendants) in the federal courts and that her prior cases were all dismissed. *See Cortez v. Biden*, No. 20-105 (D.D.C.); *Cortez v. Alfaisal*, No. 20-89 (D.D.C.); *Cortez v. Baskin*, No. 20-73 (D.D.C.); *Cortez v. Baskin*, No. 19-12261 (D.N.J.); *Cortez v. Biden*, No. 19-3847 (D.D.C.); *Cortez v. Hithalayn*, No. 19-1642 (D.D.C.); *Cortez v. Wright*, No. 19-1641 (D.D.C.); *Cortez v. Baskin*, No. 19-646 (D.D.C.); *Cortez v. Wright*, No. 19-645 (D.D.C.); *Cortez v. Wright*, No. 19-626 (D.D.C.); *Cortez v. Wright*, No. 19-323 (D.D.C.); *Cortez v. Hithalayn*, No. 19-322 (D.D.C.); *Cortez v. Wright*, No. 19-321 (D.D.C.); *Cortez v. Alsaud*, No. 19-176 (D.D.C.); *Cortez v. Alsaud*, No. 19-171 (D.D.C.); *Cortez v. Alsaud*, No. 19-100 (D.D.C.); *Cortez v. Wright*, No. 19-99 (D.D.C.); *Cortez v. Wright*, No. 15-863 (D.D.C.); *Cortez v. U.S. Postal Serv.*, No. 14-3144 (E.D. Pa.); *Cortez v. Alsabah*, No. 12-7249 (E.D. Pa.); *Cortez v. Alsabah*, No. 12-5586 (E.D. Pa.); *Cortez v. Almlaik*, No. 12-5585 (E.D.Pa.); *Cortez v. Alsabah*, No. 12-1874 (D.D.C.); *Cortez v. Almalik*, No. 11-3363 (E.D. Pa.); *Cortez v. Edwards*, No. 11-3362 (E.D. Pa.); *Cortez v. Wright*, No. 11-3361 (E.D. Pa.); *Cortez v. Edwards*, No. 11-2848 (E.D. Pa.); *Cortez v. Unique Advantage*, No. 09-4617 (E.D. Pa.); *Cortez v. Vazquez*, No. 09-4369 (E.D. Pa.); *Cortez v. Almalik*, No. 09-

(*per curiam*) ("After carefully reviewing West's lengthy complaint and his voluminous attachments, we agree with the District Court that dismissal was proper, as West seeks relief based on his contention that he has suffered a 'covert civil death' over the course of decades due to the alleged actions of countless individuals across the world."); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (*per curiam*) (agreeing with district court's frivolity determination "[g]iven [plaintiff's] efforts to connect his allegations about actions and events over approximately 20 years into a vast conspiracy against him, as well as the outlandish nature of some of his claims (such as the planting of devices on his body and the defendants' revenge for his refusal to participate in the cover-up of the circumstances surrounding the death of an FBI agent's wife)"); *Caesar v. Megamillion Biggame Lottery*, 193 F. App'x 119, 121 (3d Cir. 2006) (*per curiam*) (affirming dismissal of RICO lawsuit based on conspiracy to deprive plaintiff of her numerous lottery winnings given the "vast power, scope, and complication of the whole alleged conspiracy" and the statistical improbability of winning the lottery four times).

An order follows, which shall be docketed separately in accordance with Federal Rule of Civil Procedure 58(a).

                                                **BY THE COURT:**

                                                **/s/ Hon. Kelley B. Hodge**

                                                **HODGE, KELLEY B., J.**

---

4368 (E.D. Pa.); *Cortez v. Salas*, No. 08-5307 (E.D. Pa.). She also filed a second case on the same day she filed the instant civil action, *see Cortez v. Wright*, No. 25-1330 (E.D. Pa.). Given this filing history, the Court warns Cortez that if she continues to file similar complaints, the Court may consider restricting her ability to file in the future.